IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JACQUELINE JOHNSON, ) | C/A No. 4:10-cv-01494-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| LEWIS ALLEN MURPHY, DECEASED ) | |
| BY AND THROUGH KEITH MUNOZ, ) | |
| ADMINISTRATOR OF HIS ESTATE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This case stems from alleged injuries sustained by the Plaintiff in an automobile accident that occurred on February 27, 2007. The following motions are pending before the Court: (1) Defendant's Motion to Strike/Exclude Plaintiff's Expert Witnesses (Docket # 51), (2) Plaintiff's Motion to Enlarge Time under the scheduling order to identify expert witnesses (Docket # 57), and (3) Consent Motion to Extend Mediation Deadline (Docket # 63). For the following reasons, (1) Defendant's Motion to Strike/Exclude Plaintiff's Expert Witnesses is **granted in part, denied in part**, (2) Plaintiff's Motion to Enlarge Time under the scheduling order to identify expert witnesses is **granted**, and (3) Consent Motion to Extend Mediation Deadline is **granted**.[1]

**Background Facts and Procedural History**

The Plaintiff filed her original Complaint against the Defendant in the South Carolina Court of Common Pleas. Subsequently, the Defendant filed an Answer and removed the case to this Court. The

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The parties have been given the opportunity to be fully heard by way of briefs submitted to the Court. As the issues have been fully briefed by the parties, this Court believes a hearing is not necessary.

original Scheduling Order issued by this Court on June 11, 2010, was amended by consent on July 19, 2010 ("First Amended Scheduling Order"). Subsequently, the Plaintiff requested a modification of the time frames provided in the First Amended Scheduling Order, which was consented to by the Defendant and entered November 22, 2010 ("Second Consent Amended Scheduling Order"). *See* Docket # 38. Pursuant to Paragraph 5 of this Second Consent Amended Scheduling Order, the Plaintiff was to "file and serve a document identifying . . . each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **January 18, 2011.**"

  The Plaintiff did not serve any documents with the Court or Defense counsel identifying expert witnesses by January 18, 2011. On March 15, 2011, as mandated in Paragraph 6 of the Second Consent Amended Scheduling Order, the Defendant named Dr. Sutton and Dr. Om as experts in this case and stated that he expected them to testify in accordance with their depositions that had been taken. The Plaintiff did not respond with any disclosures in response or request any further amendment to the Court's deadline to disclose experts. As the Defendant believed that no more discovery was needed in this case, Defense counsel sent the Plaintiff's counsel a letter on April 14, 2011, requesting a settlement demand. Subsequently, Defense counsel received an email response from Plaintiff's counsel's paralegal with an updated "Damage Summary Sheet" claiming special damages in the amount of $112,948.03; there was no mention of future medical costs or loss of personal service. On June 7, 2011, Plaintiff's counsel finally sent Defense counsel a demand package. However, this demand package included claims for "Future Medicals" and "Loss of Personal Services" in the amount of $410,068.00 for total special damages in the amount of $501,655.39. Also included in this demand package were the expert reports of Dr. A. Mason Ahern, Life Care Planner Sarah Lustig, and Economist Dr. Oliver G. Wood, none of

which were previously disclosed by the Plaintiff. It is undisputed that the Plaintiff did not disclose the names of these expected expert witnesses, or provide opposing counsel with their reports by January 18, 2011, as required under the Second Consent Amended Scheduling Order.

On July 6, 2011, the Defendant filed his Motion to Strike/Exclude Plaintiff's Expert Witnesses. On July 7, 2011, the Plaintiff filed her Motion to Enlarge Time and For Amendment to Scheduling Order, as well as a memorandum in opposition to the Defendant's Motion to Strike/Exclude Plaintiff's Expert Witnesses. On July 8, 2011, the Defendant filed a response in opposition to the Plaintiff's motion; subsequently, the Plaintiff filed a reply. On July 15, 2011, the parties filed a Consent Motion to Extend Mediation Deadline. These matters are ripe for review.

## **Discussion**

In the instant matter, it is undisputed that the Plaintiff failed to timely disclose any expert witnesses by January 18, 2011, in accordance with the Court's Second Consent Amended Scheduling Order. It is also undisputed that the Plaintiff did not notify the Defendant of expert witnesses Ahern, Lustig, and Wood until her June 7, 2011, settlement demand package. Finally, it is undisputed that the Plaintiff did not properly file the expert disclosures of any expert witness until June 22, 2011.

The Defendant has moved pursuant to Rules 26(a)(2) and 37(c) of the Federal Rules of Civil Procedure to "exclude/strike the expert testimony of Dr. Ahern, Life Care Planner Lustig, and Economist Dr. Wood and for such other relief as the Court deems appropriate." Doc. # 51-1, p. 11. Rule 26 governs the conduct of discovery in civil actions, including the procedures for disclosing expert witnesses and their opinions. Specifically, Rule 26(a)(2) provides:

> (A) In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

> (B) Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written expert report-- prepared and signed by the witness-- if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony . . . .
>
> (D) A party must make these disclosures at the times and in the sequence that the court orders.

Fed. R. Civ. P. 26(a)(2)(A), (B), & (D). Rule 37(c)(1) is the enforcement mechanism for the procedures set forth in Rule 26(a). Under Rule 37(c)(1),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . and (C) may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c)(1). "[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 596 (4th Cir. 2003). Thus, the district court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless. *Id.* at 597.

"[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* (The first four factors "relate mainly to the harmlessness exception, while the remaining factor . . . relates primarily to the substantial justification exception.")

I: The surprise to the party against whom the evidence would be offered

"Plaintiff concedes the testimony and opinions of these experts constitutes a surprise to Defendant inasmuch as their opinions constitute the basis of her claim for a heightened amount of damages than that which was previously thought to be the case." Doc. # 57-1, p.5.

II: The ability of that party to cure the surprise

The Plaintiff argues that a third amended scheduling order, allowing for an extension of time to conduct discovery and disclose witnesses, would effectively "cure" the admitted surprise of her improperly named expert witnesses. However, an additional extension of time to conduct discovery will only partially cure the surprise. According to the Defendant, the allowance of the Plaintiff's newly disclosed expert testimony would force the Defendant to take previously unnecessary depositions of several witnesses, including the Plaintiff and the Plaintiff's three newly named expert witnesses. Depending on the outcomes of these depositions, the Defendant may also need to consult and retain his own expert witnesses to defend this case.

III: The extent to which allowing the testimony would disrupt the trial

The Court does not believe that allowing the Plaintiff's three expert witnesses to testify would disrupt the trial in any way provided that the Court extends the discovery period so that the Defendant has adequate time to conduct the necessary depositions and prepare for trial.

IV: The importance of the testimony

While the Plaintiff claims that "[w]ithout these expert reports, Plaintiff's assertion of damages and ability to prove those damages is fatally compromised," the Defendant argues that it is unclear how convincing the Plaintiff's newly named expert witnesses' reports may be to the jury. The Court believes that the testimony and reports of these expert witnesses are obviously important to the Plaintiff's case,

specifically her injuries and damages, as this evidence increases the Plaintiff's potential damages stemming from the automobile accident at issue by 444% to $501,655.39.

V: The nondisclosing party's explanation for its failure to disclose the evidence

Plaintiff's counsel acknowledges that the "inadvertent failure to disclose" was his fault and blames his failure to obey the Court's scheduling order on "[h]is misreading of the rule." Doc. # 57-1, p.6. Plaintiff's counsel argues that his failure to disclose these expert witnesses was an inadvertent misreading of Rule 26(a)(2) and the Court's scheduling order.[2] The Plaintiff has filed a Motion to Enlarge Time and For Amendment to Scheduling Order to allow her to properly disclose her expert witnesses and ameliorate any resulting surprise or prejudice to the Defendant by allowing the Defendant time to depose these expert witnesses and prepare for trial. Essentially, the Plaintiff is seeking a reopening and enlargement of the time within which to designate her expert witnesses and serve reports. In response, the Defendant argues that "good cause" is required under Rule 16 to justify extension of deadlines provided by a scheduling order and that the Plaintiff cannot meet the "good cause" standard.

---

[2] In response, Defense counsel argues that "Plaintiff's demand package was an ambush to the Defendant and was clearly pointed to put Defendant at a disadvantage at mediation and at the rapidly approaching trial. Plaintiff only properly disclosed her expert witnesses when instructed by Defense counsel that these experts were improperly disclosed." Doc. # 51-1, p.9. Additionally, Defense counsel argues "a close reading of these [new expert] reports reveal that Dr. Ahern's report was completed and signed on **November 16, 2010,** well before the scheduling order deadline. . . . Similarly, based on the 'Date of Interview' contained in Nurse Sarah Lustig's report, her expert work has been in progress from as early as **August 17, 2010** and was completed and signed on **April 27, 2011,** nearly two months before being disclosed to Defendant." Doc. # 60, p3. A review of the Court's records reveals that Plaintiff's counsel is not new to scheduling orders in federal court. He has handled over a dozen cases in federal court, most of which appear to have had a scheduling order. As a result, Plaintiff's counsel should be very familiar with Rule 26(a)(2), the Court's scheduling order, and the requirements listed therein. Based on Plaintiff's counsel's experience, his argument that he misread the rule appears somewhat disingenuous.

6

*See George v. Duke Energy Retirement Cash Balance Plan,* 560 F. Supp. 2d 444, 480 (D.S.C. 2008) ("'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.").[3]

Having reviewed these factors, the Court finds that Plaintiff's counsel has not shown that his failure to obey the scheduling order was "substantially justified" under Rule 37(c)(1). However, any surprise or harm resulting from the untimely disclosure of these three expert witnesses can be cured by (1) amending the scheduling order to allow the Defendant adequate time to take the necessary depositions, complete discovery, and prepare for trial, **and** (2) imposing sanctions on Plaintiff's counsel. Thus, in exercising its broad discretion, the Court finds the Plaintiff's untimely expert disclosures "harmless" under Rule 37(c)(1). Pursuant to Rule 37(c)(1) and in lieu of excluding the testimony of these experts, the Court imposes the following sanctions:

---

[3] "While the court agrees that it can enlarge time contained in a Pretrial Order for good cause as provided by Rule 16, [it appears that] the more specific requirements of Rule 6(b)(1)(B) apply where, as here, a deadline has already run." *Anderson v. Caldwell County Sheriff's Office,* No.1:09cv423, 2011 WL 198085, at *1 (W.D.N.C. Jan. 20, 2011); *see Colony Apartments v. Abacus Project Mgmt.,* 197 F. App'x 217 (4th Cir. 2006). Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides in pertinent part: "When an act may or must be done within a specified time, the court may, *for good cause*, extend the time . . . on motion made after the time has expired if the party failed to act because of ***excusable neglect***." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Colony,* 197 F. App'x at *223 (citing *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir. 1996)). Merely establishing these elements does not entitle a party to relief; rather, "whether to grant an enlargement of time still remains committed to the discretion of the district court." *Id.* Having reviewed these factors, the Court, in its discretion, grants the Plaintiff's Motion to Enlarge Time and For Amendment to Scheduling Order. The Court notes that there will be little prejudice to the Defendant since he will have ample time to depose additional witnesses and name his own experts, and there will be little delay as the trial will take place within several months of the original deadline. While the remaining two factors appear to favor the Defendant, the Court has considered all factors and exercised its discretion accordingly. **Nonetheless,** the Court imposes appropriate sanctions pursuant to Rule 37(c) against the Plaintiff's counsel for his failure to comply with Rule 26(a) and the scheduling order.

>   (A) Plaintiff's counsel shall pay the following reasonable expenses incurred by the Defendant in deposing the Plaintiff, if necessary, and the Plaintiff's three newly disclosed expert witnesses, which include expert witness fees charged by those experts of the Plaintiff for their deposition time; court reporter fees and costs of transcripts of said depositions; and reasonable attorney's fees associated with deposing the experts and the Plaintiff (said attorney's fees not to exceed $7,500); and
>
>   (B) Plaintiff's counsel shall also pay the reasonable attorney's fees incurred by the Defendant in having to file Defendant's Motion to Strike/Exclude Plaintiff's Expert Witnesses (Docket # 51) and having to respond to Plaintiff's Motion to Enlarge Time and For Amendment to Scheduling Order (Docket # 57) (said attorney's fees not to exceed $1,500).

Plaintiff's counsel is reminded that "the scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Dilmar Oil Co. v. Federated Mut. Ins. Co.,* 986 F.Supp 959 (D.S.C. 1997).

### **Conclusion**

Based on the foregoing, Defendant's Motion to Strike/Exclude Plaintiff's Expert Witnesses is **granted in part, denied in part**, Plaintiff's Motion to Enlarge Time and For Amendment to Scheduling Order is **granted**, and as a result, and for good cause, the parties' Consent Motion to Extend Mediation Deadline is **granted.** Specifically, pursuant to Rule 37(c)(1), the Court imposes against Plaintiff's counsel the sanctions listed above, but denies the Defendant's request to "exclude/strike the expert testimony of Dr. Ahern, Life Care Planner Lustig, and Economist Dr. Wood." Further, the Court will enlarge the time in which the Plaintiff shall file and serve her expert disclosures, and the Second Consent Amended Scheduling Order is amended as follows:

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **July 30, 2011.**

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **September 20, 2011.**

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **August 1, 2011.** Objections to such affidavits must be made within fourteen (14) after the service of the disclosure. See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

8. Discovery shall be completed no later than **October 15, 2011.** All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Harwell in an attempt to resolve the matter informally.**

9. All dispositive motions, Daubert motions, and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than Daubert motions), shall be filed on or before **November 1, 2011.** *See* below ¶ 12 for motions in limine deadline.

10. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **August 29, 2011.**

11. No later than **November 1, 2011** the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

12. Motions in limine must be filed at least three weeks prior to **December 1, 2011.**

13. Parties shall furnish the Court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05). Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07. (Attorneys are reminded to view the Court's instructions online regarding verdict forms, jury instructions, deposition designations, etc. that may be applicable to their case.)

14. This case is subject to being called for jury selection and/or trial on or after **December 1, 2011.**

\*\***Additionally, should the Defendant need additional time to conduct discovery, Defense counsel should notify the Court, and the Court will consider allowing Defense counsel further time.**

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 22, 2011